IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                       )<br>           Plaintiff,              )<br>                                                       )<br>     v.                                            )<br>                                                       )<br>$13,054.00 in                              )<br>UNITED STATES CURRENCY,   )<br>                                                       )<br>           Defendant,            )<br>                                                       )<br>LEON N. STANLEY,                   )<br>                                                       )<br>           Claimant.               ) | 8:08CV373<br><br>ORDER |

    This matter is before the court on the motion of Kirk E. Naylor, Jr. (Filing No. 15) to withdraw as counsel for the claimant, Leon N. Stanley.  The movant does not give a reason for the withdrawal or state whether Mr. Stanley opposes the motion.  However, the movant served a copy of the motion on Mr. Stanley.  The court gave Mr. Stanley an opportunity to respond to the motion and/or obtain substitute counsel.  On July 8, 2009, the court received Mr. Stanley's response.  Mr. Stanley also attached to the letter some evidence he feels supports his claim for the defendant currency.

    Mr. Stanley does not oppose Mr. Naylor's withdrawal, but indicates he is concerned about representing himself and would like to have counsel appointed.  Mr. Stanley has appointed counsel representing him on a related criminal case, **United States v. Leon N. Stanley**, 4:08CR3086.  However, the court cannot routinely appoint counsel in civil cases.  The Eighth Circuit Court of Appeals explained:

> Indigent civil litigants do not have a constitutional or statutory right to appointed counsel.  The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim.

*Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (internal quotation and citations omitted).

The court finds appointment of counsel is not necessary to enable the claimant to pursue his claim on the defendant currency.

In the alternative to having the court appoint counsel, Mr. Stanley seeks to have an opportunity to discuss settlement with the government prosecutor. Because the court will grant Mr. Naylor leave to withdraw from this case, Mr. Stanley will proceed *pro se* unless he retains other legal counsel or counsel is appointed by the court. While Mr. Stanley proceeds *pro se* he is required to communicate with the government prosecutor about this case. Specifically, Mr. Stanley is required to communicate with the government prosecutor about a proposed final pretrial conference order. **See** Filing No. 14 ¶ 9. Mr. Stanley may also discuss settlement with the government prosecutor. Upon consideration,

**IT IS ORDERED:**

1. Kirk E. Naylor, Jr.'s motion to withdraw (Filing No. 15) is granted.

2. Leon N. Stanley is hereby considered proceeding *pro se* and counsel for the government may communicate with Mr. Stanley directly regarding this case.

3. The Clerk of Court shall file Mr. Stanley's letter for the record in this case. The Clerk of Court shall file the evidentiary materials as a RESTRICTED attachment to the letter. The attachment shall be restricted to access by Mr. Stanley, counsel of record, and the court staff, pursuant to E-Government Act and NECivR 5.0.3.

4. The Clerk of Court shall send a copy of this order and the January 27, 2009, scheduling order to the claimant at his last known address:
   Leon N. Stanley
   c/o Saline County Law Enforcement Center
   PO Box 911
   Wilber, NE 68465

DATED this 9th day of July, 2009.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.